UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETHANY LYNN HUBBERT,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

CASE No. 1:24-CV-423

HON. ROBERT J. JONKER

# ORDER APPROVING AND ADOPTING
# REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation (ECF No. 13) and Plaintiff's Objection to the Report and Recommendation (ECF No. 14). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct. Plaintiff brings two objections, which the Court addresses in turn.

### 1. Medical Record

Plaintiff first contends the Magistrate Judge erred by determining that the ALJ's discussion of Dr. Jessica Manning's opinion is (1) consistent with the Social Security regulations and (2) is supported by substantial evidence. In particular, Plaintiff points to the regulatory provision that states the Commissioner "will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision." 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). The regulations go on to detail what those factors entail. *Id.* at §§ 404.1520c(c)(1-2); 416.920c(c)(1-2).

It is true that post hoc rationalizations cannot be used to justify an ALJ's errors and omissions. But that is not what the Magistrate Judge did here. To be sure, the Magistrate Judge went into detail when discussing the medical evidence. That is unremarkable. It is, rather, entirely consistent with a reviewing court's obligation to determine whether an ALJ's decision is supported by substantial evidence. Here, the ALJ plainly understood his obligation to consider the opinion evidence, and the supportability and consistency of the same. The ALJ determined that Dr. Manning's opinion—which effectively would have compelled a finding of disability under the listings at Step 3—was inconsistent with the doctor's own testing that scored Plaintiff's abilities within the average range across a wide swath of areas (supportability) and also did not align with the other record evidence (consistency). The ALJ went on to detail some of those things that were inconsistent with the doctor's opinion, including Plaintiff's own described activities of daily living. An ALJ is not required to craft an exhaustive tome. Rather, there must

2

be enough by which a reviewing Court can trace the path of the ALJ's reasoning. The Court can do so here. The ALJ laid out his reasoning for concluding that Dr. Manning's opinion was not persuasive. And as the Magistrate Judge properly determined, that reasoning is supported by substantial evidence.

### 2. Step Four and Step Five

Plaintiff next objects to the ALJ's Step Four and alternative Step Five determinations. At Step Four, the ALJ determined that Plaintiff was able to perform her past relevant work as a wire worker and marker II as actually and generally performed. (ECF No. 3-2, PageID.34). As the Magistrate Judge correctly observed, this was an error because the ALJ failed to resolve an inconsistency between the VE's testimony and the VE's subsequent interrogatory. (ECF No. 3-2, PageID.84).[1] Accordingly, the Court cannot trace the path of the ALJ's Step 4 finding.

But this error, standing alone, does not require reversal where—as here—the ALJ made alternative Step 5 findings. *See, e.g.*, *Rutherford v. Comm'r of Soc. Sec.*, 67 F. App'x 333, 334 (6th Cir. 2003) ("the Commissioner's ultimate conclusion that Rutherford is not disabled is supported by substantial evidence."); *Michael G. v. Comm'r of Soc. Sec.*, No. 322CV00278RGJCHL, 2023 WL 5424768, at *11 (W.D. Ky. June 7, 2023), *report and recommendation adopted sub nom. Michael G. v. Kijakazi*, No. 3:22-CV-278-CRS, 2023 WL 5392856 (W.D. Ky. Aug. 22, 2023) (collecting cases and noting "to the extent there was any error at step four, the error was harmless because the ALJ proceeded to step five and determined that there were other jobs in the national economy that Claimant was capable for performing given his

---

[1] At the hearing, the expert testified that Plaintiff was unable to perform the duties of her past relevant work under a hypothetical RFC that the ALJ ultimately adopted. But the expert changed course in a post-hearing interrogatory that determined Plaintiff could perform her past relevant work. (ECF No. 3-7, PageID.358). The ALJ made no effort, however, to resolve the apparent discrepancy, nor is one readily apparent from the VE's testimony and interrogatory.

3

RFC."); *Russell v. Kijakazi*, No. 1:20-CV-00546, 2021 WL 4441711, at *14 (N.D. Ohio Sept. 28, 2021). Accordingly, "the fact that the ALJ proceeded to make a Step Five alternative decision renders any error at Step Four harmless if substantial evidence supports the Step Five decision." *Gardner v. Colvin*, No. 1:12CV2498, 2014 WL 1116903, at *12 (N.D. Ohio Mar. 19, 2014)

So, Plaintiff goes on to argue that the ALJ's alternative Step Five findings are not supported by substantial evidence because the RFC's limitation to simple, routine tasks, is inconsistent with the DOT's reasoning levels of two and three that correspond with the positions of router, marker, and mail clerk. This was not an argument Plaintiff made in the initial brief here (ECF No. 9), but it was at least alluded to by Plaintiff's representative at the time in the underlying proceeding, as discussed by the ALJ in a footnote. (ECF No. 3-2, PageID.35). Assuming that Plaintiff has not forfeited the argument by raising it for the first time here in her objections, the Court is not convinced. Indeed, Plaintiff does not develop this argument beyond pointing to the DOT's reasoning levels for the positions, asserting an inconsistency, and inviting the Court to agree. (ECF No. 14, PageID.637). Plaintiff provides no case law, and the authority the Court has found undercuts the assertion of inconsistency. *Monateri v. Commissioner of Social Security*, 436 Fed. Appx. 434, 446 (6th Cir. 2011) ("[N]either the Commissioner nor the VE has an obligation to employ the DOT, and there is not precedent that requires the Commissioner to align DOT "reasoning levels" with RFC classifications[.]"); *see also Baskette v. Berryhill*, No. 117CV00135GNSLKK, 2018 WL 4027044, at *4 (W.D. Ky. Aug. 23, 2018) (discussing cases).

Accordingly, the Court agrees with the Magistrate Judge that the ALJ's alternative Step 5 determination—and the ultimate determination with respect to disability—is supported by substantial evidence.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 13) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED.** A separate Judgment shall issue.

Dated:   May 23, 2025                   /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE